IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYON, ) | No. C 07-3693 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| T. RICHARDSON, et al., ) | **(Docket No. 2)** |
| Defendants. ) | |

Plaintiff, a California prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Salinas Valley State Prison ("SVSP"). He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that in 2005, defendant Richardson, an SVSP official, transferred him to the prison's "C" yard, where another inmate known to officials to be plaintiff's "enemy" and a danger to him was also housed. Approximately one week later, after plaintiff complained, other SVSP officials transferred him away from "C" yard to keep him away from the other inmate. Plaintiff alleges he was fearful of being attacked by the other inmate during his time on "C" yard, but he was not in fact attacked. He seeks money damages.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners, including protection from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. Here, plaintiff never suffered any harm from his transfer to the "C" yard, despite his fears that such harm would come to pass. Indeed, prison officials promptly transferred him out of "C" yard upon learning of his placement there. In the absence of any actual harm befalling plaintiff, he did not suffer a sufficiently serious deprivation to implicate the Eighth Amendment.[1] Cf. 42 U.S.C. § 1997e(e) (requiring physical injury in order to bring claim for mental or emotional injury)

Plaintiff also alleges Richardson moved him to "C" yard in "retaliation" for plaintiff's fighting with other inmates. Although retaliation for exercising one's constitutional rights is actionable, see Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977), there is no constitutional right to fight with other inmates. Consequently, plaintiff does not state a cognizable retaliation claim.

---

[1] Although a prisoner need not wait until he is actually assaulted to state a claim and obtain injunctive relief, see Farmer, 511 U.S. at 845, there is no basis for injunctive relief in this case because plaintiff alleges he was moved out of the allegedly dangerous situation over two years ago.

United States District Court
For the Northern District of California

1    Accordingly, this action is hereby DISMISSED for failure to state a claim upon which
2 relief can be granted.[2]  In light of this dismissal, the application to proceed in forma pauperis
3 is DENIED, and no filing fee is due.
4    The Clerk shall close the file, and terminate Docket No. 2.
5    IT IS SO ORDERED.
6 DATED: September 20, 2007

_____
MARTIN J. JENKINS
United States District Judge

---

[2] Leave to amend is not warranted because plaintiff's allegations establish that no constitutional violation took place.

3